## NEEDLES v LEOHMER

Ohio Appeals, 5th Dist, Fairfield Co
No 148.  Decided Sept, 1930

H. H. Needles, Sidney, and George W. Vorys, Lancaster, for Needles.

William H. Schweikert and J. H. Fultz, both of Lancaster, for Leohmer.

LEMERT, J.

At the very outset of this case, we believe that if the record bore out the allegations of defendant's Answer, that that would have made and constituted a complete defense in this case, but upon a careful examination of the record in the instant case, we find from said record that the defendant below failed to prove the allegations and averments of his Answer, and that the jury having heard all the evidence, were fully justified in finding for the plaintiff in the Court below.

Briefly stated, the record discloses that on the evening of October 9, 1928, the plaintiff in error and one Delbert Bemis of Sidney, Ohio, invited defendant in error and one Blanche Roller of Lancaster, Ohio, for a ride in the automobile of plaintiff in error, which invitation was accepted. They first drove to Cedar Hill, which is about twelve miles west of Lancaster, and the plaintiff in error there obtained the half gallon of whiskey, which he said he obtained for the trip going back to his home the next day. The record discloses that the girl companion of defendant in error, to-wit, Blanche Roller, directed plaintiff in error as to where he might secure the whiskey, and the record discloses that at the time the matter of getting whiskey was mentioned, that the defendant in error objected to getting or securing the whiskey and stated that she did not want any and would not drink any if they got it.

A careful examination of the evidence in the record disclosed that the defendant below made the defense that he was intoxicated and the plaintiff below was negligent and contributed to her own injury by riding with him—in other words, the plaintiff in error claims that he is not liable in this cause because he was intoxicated, and that defendant in error knew it. He admits that he violated the law by transporting, possessing, furnishing and giving away intoxicating liquors, and driving a motor car while under the influence of intoxicating liquor, and claims that because defendant in error did not leave his car at or after midnight, some ten to twenty-five miles from home, she was negligent.

Numerous authorities are cited by plaintiff in error along the line that where defendant was driving an automobile while in an intoxicated condition and passenger in car knew, or by exercise of ordinary care should have known, of driver's condition, but persisted in riding with driver, there can be no recovery for injuries to the passenger form the driver. We believe this to be the well settled law in Ohio but that it is not applicable in the instant case, because the facts in the case at bar present an entirely different case; and, again, it is well settled law of this state that where a guest is in a position to see and apprehend danger to himself, it is necessary for the guest to exercise ordinary care for his own safety, and if he does not, and in consequence of his failure to exercise such care is injured, the guest can not recover; but the ordinary care as applied to a passenger

in an automobile means such care as persons of ordinary care and prudence, riding as passengers or guests in automobiles, are accustomed to observe under similar circumstances and conditions to avoid danger and injury to themselves.

Now in the instant case, we have before us the facts that the defendant in error did not leave the car of plaintiff in error, and, as shown by the record, there was no necessity of her so leaving until they probably reached or were near Baltimore, about ten miles from Lancaster; at which time they were going in the direction of their home at Lancaster. The evidence clearly shows that the defendant below did not show any signs of intoxication until they arrived at Baltimore. The record further discloses that the defendant in error, as well as the other male companion, to-wit, Bemis, insisted that plaintiff in error permit or allow Bemis to drive the car from there on into Lancaster, and plaintiff in error refused. The evidence discloses that there had been no reckless or careless driving, although there had been some speeding, before they arrived at Baltimore. After they left Baltimore, the plaintiff in error then showed visible signs of being under the influence of liquor, but the record discloses that the defendant in error did not have the opportunity of departing from the automobile after they left Baltimore. The record clearly shows that after they left Baltimore and after defendant in error had asked and requested plaintiff in error to allow Bemis to drive the car, and after defendant in error had asked and requested plaintiff in error not to drive so fast and recklessly, plaintiff in error began to drive and go from one side of the road to the other, trying to hit and knock down signs, and then he did wilfully, wantonly and recklessly drive said automobile up to the point of where the collision occurred with the bridge and the accident to defendant in error happened.

Now, defendant in error was surely not required in the exercise of ordinary care to leave plaintiff in error's automobile at that hour in the night, being about 1:30 in the morning, out in the country district, ten miles from Lancaster, and to walk home and to rest or sleep along the roadside.

The record discloses that the defendant in error and her girl companion deny drinking. The boys, however, say they did drink, but there is no question but what plaintiff in error was intoxicated at the time he wrecked his automobile and injured defendant in error, but there is no testimony to show that he was intoxicated until after he left Baltimore, except that he did speed at times between Kirkersville and Baltimore. So that defendant in error can not be charged with contributory negligence before the stop at Baltimore, and after leaving Baltimore she asked plaintiff in error to be let out of the machine, which request was refused by plaintiff in error, and he kept on driving at a high and excessive rate of speed until the wreck. If defendant in error had done as plaintiff in error claims she should have done for her own protection, she would have been left out in the country at a strange place, ten to twenty miles from home, at the dead hour of night, or walk from Baltimore after 1:30 in the morning.

The defense was also made in this case that the defendant in error was intoxicated. The evidence in the record does not show that she was, but if she was, how could that avail the plaintiff in error anything by way of a defense. If she was intoxicated on liquor that he purchased against her will and wish and if she became stupid from drinking whiskey furnished by him, as he claims, then she would not be guilty of negligence, for she then would be unable to form an opinion as to whether or not plaintiff in error was a safe driver. We believe it to be a well settled principle of law that if the plaintiff in error obtained and furnished the liquor and procured the intoxication of the defendant in error, that plaintiff in error would be responsible for her injury; and another reason could be advanced, and that is that the defendant in error had a right to assume the plaintiff in error would obey the law; for it has been held that one can not invoke his own negligence and unlawful acts to defeat his associate's claim for injuries due to such negligence.

**Bailey vs. Parker,** Ohio Law Bulletin, Vol. 31, page 34; **120 Oh St 239.**

There is another claim made by plaintiff in error on the charge of the Court. We note that the following special instructions were given to the jury at the request of the defendant below:

"1. If you find from the evidence that the plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries complained of, then your verdict must be for the defendant.

2. If you find from the evidence that

the defendant was driving his automobile while in an intoxicated condition, it was contrary to law and the defendant was guilty of negligence; and if you further find from the evidence that the plaintiff was a passenger in this car and knew the defendant was intoxicated, or by the exercise of ordinary care should have known of defendant's condition, but persisted in riding with defendant, there can be no recovery for injuries to the plaintiff."

Then complaint is made that the Court further charges in the general charge the following:

"It is the law of the case that if she knew this man was intoxicated, or had reasonable ground to believe he was intoxicated from all the circumstances, and she continued riding with him, and this accident occurred, it is for you to say whether or not that was the exercise of ordinary care."

The claim is made that these charges, those made by special request and in the general charge, are inconsistent. The claim is further made that the general charge should have stated that she could not recover under those facts, and for that reason there is error in this case.

As for charge No. 2, that defendant in error persisted in riding with defendant and that there could be no recovery for injuries to the plaintiff below, this does not fit in or coincide with the evidence in the record in this case, and we do not believe that there is any error in the charges as given, and that it was right and proper for the jury to determine, under all the facts, evidence and circumstances in the case, as to whether or not defendant in error did exercise ordinary care, and that that was a question for the jury and not for the Court.

Therefore, this disposes of the error claimed that the Court should have directed a verdict at the end of plaintiff's evidence, and renewed again at the end of all of the evidence.

With reference to the last ground of claimed error, that the Court erred in rendering judgment on an uncertain, ambiguous and irregular verdict rendered by the jury, and that the jury was discharged and no attempt was made to amend the same, it was stated by counsel in oral argument in this case, although the record before us does not disclose it, that the jury was questioned immediately upon the verdict being rendered as to what explanation they had

to make of the verdict, which is in the following form:

"1250. Dam. 263.50 H. Dr."

An analysis of this verdict leads us to the belief that the jury understood perfectly well what they were doing—that 1250 was for $1250 damages, and that 263.50 was $263.50 for hospital and doctor. And the jury, we believe from the record, fully understood what they said and found by their verdict, and we do not believe that the verdict is so uncertain, ambiguous or irregular but what the Court could intelligently render judgment upon the same, which was accordingly done.

From a careful examination of the whole of the record and taking the facts as they appear from the record, we find and believe that the jury was fully warranted in rendering the verdict they did, and that there is no error in this case on the part of the Court, and that both parties had a fair and square trial, and that there is no prejudicial error; and so finding, the judgment of the Court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J, concurs.
Houck, J, not participating.